■ VUECOM, INC., et al., Appellants, v CENTURY 21 RAND et al., Respondents. [698 NYS2d 527] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated January 19, 1999, which granted the defendants' motion to vacate a prior order of the same court dated October 15, 1998, granting the plaintiffs' motion for leave to enter judgment against the defendants upon their default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, and the order dated October 15, 1998, is reinstated.

A party attempting to vacate an order granting another party leave to enter a judgment on default must establish both a reasonable excuse for the default and a meritorious defense (*see, Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333). While the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see, Bardales v Blades,* 191 AD2d 667, 668), reversal is warranted where the court improvidently exercises its discretion (*see, Orlando v Corning, Inc.,* 213 AD2d 464).

In the instant case, the court improvidently exercised its discretion in granting the defendants' motion to vacate their default. The excuse offered by the defendants' attorney, that the delay in the filing of the answer was caused by the confusion generated by his move back to the New York area and his assumption of new responsibilities as counsel for the defendants, was insufficient under the circumstances of this case (*see, Sobel v Village of Scarsdale,* 255 AD2d 500; *Ortiz v Delmar Recycling Corp.,* 244 AD2d 392; *Martyn v Jones,* 166 AD2d 508). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.